UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE J. HARRIER,

          CASE NO. 16-CV-11456
*Plaintiff*,    DISTRICT JUDGE STEPHEN J. MURPHY, III
          MAGISTRATE JUDGE PATRICIA T. MORRIS

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***
(Doc. 2)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED**.

**II.   REPORT**

   **A.   Introduction**

Pending, pursuant to an order of reference for general case management issued on April 22, 2016 (Doc. 4), is Plaintiff's Application to Proceed *In Forma Pauperis*. (Doc. 2.) This report and recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

## B. Governing Law

Since 1892, federal courts have possessed statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP"). Section 1915 is intended to ensure that indigent persons have access to the judicial system by allowing them to proceed without payment of filing fees. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement assets and inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). If the court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id*. A court may also direct the United States to pay expenses associated with printing records and transcripts, *id*. § 1915(c), and will order officers of the court to carry out duties associated with service of process. *Id*. § 1915(d).

In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331 (1948), the Supreme Court held that parties need not be absolutely destitute to enjoy the benefit of proceeding IFP. An affidavit to proceed IFP is sufficient if it states that the party cannot, because of his or her poverty, afford to pay the costs of litigation and still provide their family the necessities of life. *Id*. at 339. Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006). Assets include equity in real estate and

automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D. D. C. 2004). In addition, "[f]ederal courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health System*, No. 10-31 (RHK/RLE), 2010 WL 502781, at *1, n.1 (D. Minn. Feb. 5, 2010); *accord Shahin v. Sec'y of Delaware*, 532 F. App'x 123 (3rd Cir. 2013) (holding district court did not abuse its discretion in requiring plaintiff to disclose spouse's assets).

"Section 1915 requires the submission of a detailed affidavit, and, under the Court's practice these submissions, like other things, are a matter of public record. It is incumbent upon Plaintiff to demonstrate why this usual rule should not apply in his case and the unsupported assertion of an unqualified interest in privacy is not sufficient." *SAI v. Dep't of Homeland Security*, ___ F. Supp. 3d ___, No. 14-1876 (RDM), 2015 WL 8966920, at * 20 (D. D.C. 2015).

### C.     Plaintiff's Affidavit

Plaintiff Bruce J. Harrier filed his application to proceed IFP on April 22, 2016. (Doc. 2). That application is largely uncompleted: Plaintiff does not list his place of employment, if any, nor his wages. (*Id*. at 1). In the section reserved for "other income," Plaintiff placed a tick mark next to the word "no" in rows relating to business income, rent payments, interest, gifts, and other forms of income. (*Id*.). Plaintiff made no marking whatsoever in sections dedicated to liquid assets, non-liquid assets, monthly expenses,

persons dependent upon Plaintiff, and debts. (*Id*. at 2). Plaintiff then dated and signed the form. (*Id*.).

### D. Analysis and Conclusion

On April 22, 2016, the Court ordered Plaintiff to file a complete application to proceed IFP by May 6, 2016. (Doc. 5). That deadline has come and gone, yet Plaintiff has not complied with the Court's order. Because Plaintiff has not provided the Court with sufficient information to determine whether he can afford to pay the costs associated with litigation, and because he has not complied with the Court's order, I recommend that Plaintiff's application to proceed IFP be denied. *Santana v. Fed. Bureau of Prisons*, No. 11-1458 (RBK), 2011 WL 2413209, at *1 (D. N.J. June 6, 2011)("If the application to proceed IFP is incomplete, the Court may enter an order denying the application").

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1.) Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981.) The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis*

*v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d.) The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  May 16, 2016                               S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: May 16, 2016                                By s/Kristen Krawczyk
                                                  Case Manager