UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE HARRIER,

      Plaintiff,                             Case No. 2:16-cv-11456

v.                                      HONORABLE STEPHEN J. MURPHY, III

CAROLYN COLVIN,

      Defendant.
_____/

**OPINION AND ORDER
ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [20],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]**

Bruce Harrier claims to have become disabled on November 11, 2011 and he filed an application for disability insurance benefits on April 15, 2013. When his application was denied, he sought and received an administrative hearing. The ALJ, in a written opinion, found he was not disabled. After the Appeals Council denied review, Harrier filed for judicial review by the Court. The case was referred to a magistrate judge and the parties filed cross motions for summary judgment. *See* ECF 14, 17.

The magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court grant the Commissioner's motion and deny Harrier's motion. ECF 20. Harrier filed a timely objection to the Report, and the Commissioner filed a reply. ECF 21, 22. After examining the record and considering Harrier's objections de novo, the Court concludes that his arguments lack merit. Accordingly, the Court will adopt the Report, deny Harrier's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## STANDARDS OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. The Court need not review portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) and (3). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotation marks omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotation marks omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in the decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (quotation marks omitted).

## DISCUSSION

Harrier raises two objections to the Report. In his first objection, he argues that the ALJ violated a Social Security Ruling concerning disability determinations by other government agencies. Because the magistrate judge found otherwise, Harrier objects. In his second objection, he argues that the magistrate judge made "no effort" to address his arguments for remand. The Court takes each objection in turn.

I. Objection One — The VA's Disability Determination

Harrier's first objection centers around SSR-06-03p: a Social Security ruling that clarifies how the Social Security Administration (SSA) considers decisions made by other governmental agencies on the issue of disability. SSR 06-03p explains that other agencies' determinations of disability do not bind the SSA because the other agencies apply different rules. Still, "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR-06-03p, 2006 WL 2263437 (August 9, 2006). Harrier argues that the ALJ did not adequately consider an earlier finding of disability by the Department of Veterans Affairs (VA).

Harrier is a veteran. He served in the Air Force for thirteen years prior to his discharge in 1996. ECF 11-2, PgID 73. In 2012, the VA determined that Harrier was "permanently and totally disabled." ECF 11-7, PgID 459. Harrier introduced this determination as evidence at his hearing before the ALJ, along with other records and findings by the VA. Harrier claims that there was "no detail whatsoever in the ALJ's analysis of the VA decision" and that the ALJ made "a simple conclusory statement that she took into consideration [his] medical history, allegations, and objective medical evidence" but failed to explain "why the VA's decision was discarded." ECF 21, PgID 575.

3

Harrier's characterization of the ALJ's decision is inaccurate. The ALJ's decision described the VA records in detail. ECF 11-2, PgID 56–59. The ALJ pointed out inconsistencies between the objective findings within the medical records and Harrier's subjective allegations. *See, e.g.*, ECF 11-2, PgID 56 (discussing his eyesight), 57 (recognizing his ability to work), 58 (discussing his hearing, reported pain, and demonstrated ability to function despite his bipolar condition). In short, the ALJ reviewed and discussed the same medical records that the VA used to make its disability determination; she simply arrived at a different conclusion than the VA, in part because the criteria for the SSA and the VA are different. *Compare* 38 U.S.C. § 5107(b) (requiring the Secretary of the VA to give claimants "the benefit of the doubt") *with Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (recognizing that a Social Security claimant "bears the burden of proving the existence and severity of limitations").

The ALJ's thorough discussion of the VA records demonstrates that she considered the disability decision of another government entity. The magistrate judge properly concluded that the ALJ satisfied SSR 06-03p. Harrier's first objection is overruled.

II. <u>Objection Two — Failure to Consider Remand</u>

Harrier's second objection concerns the magistrate judge's alleged failure to consider remanding the case. Pursuant to 42 U.S.C. § 405(g), the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing there is new evidence that is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" Harrier insists that his reply brief outlined new information: a new VA rating decision. Previously, the VA had rated

his bipolar condition as 50% disabling; the new decision increases it to 100% disabling. The magistrate judge did not address the possibility of remand in the Report, so Harrier objects.

Defendant urges the Court to consider the remand argument waived because it was raised for the first time in a reply brief. Although he correctly states the rule, *see Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008), applying it here would be misplaced. Harrier filed his motion for summary judgment on January 13, 2017. He received the VA's decision three months later, on April 10, 2017. Defendant filed her response four days after that. Harrier then raised the remand issue in his reply brief — the next opportunity he had in the briefing schedule. Defendants point out that Harrier "could have sought leave to file a supplemental brief or contacted the Commissioner's counsel before April 14, 2017, rather than surprising Defendant with a new, substantive argument presented in the reply brief." ECF 19, PgID 547. But the underlying reason for deeming reply-brief arguments waived is that it precludes the non-movant "the opportunity to expose the weaknesses of [the movant's] arguments." *Martinez v. Comm'r of Soc. Sec.*, No. 09-13700, 2011 WL 1233479, at *2 (E.D. Mich. Mar. 30, 2011). Here, Defendant had two opportunities to address Harrier's remand argument: first in her own reply brief (two weeks after the argument was raised) and then again in her response to Harrier's objections (almost two months after the argument was raised). Harrier may have done well to file a supplemental brief, but Defendant has not suffered by his mere adherence to the briefing schedule.

Nevertheless, the remand argument is unavailing. The VA issued the new decision after the Board of Veterans' Appeals held a hearing and received evidence about Harrier's living conditions and hygiene. ECF 18-1, PgID 540. The Board concluded that the June 2014 examination report strongly suggested that Harrier's psychiatric disability was more

5

severe than was represented in the October 2012 report. *Id.* But both of those reports were included in the record before the the ALJ, and Harrier's hygiene and living conditions are specifically mentioned the ALJ's decision. *See* ECF 11-2, PgID 58. Thus, the determinative information for the Board was already before the ALJ.

And the VA's finding of total disability was not new either. The ALJ knew that the VA granted Harrier a total disability rating for non-service-connected pension purposes. *See* ECF 11-7, PgID 458. The 2017 decision simply granted Harrier the same rating for service-connected disability purposes. Remanding the case to the ALJ would not allow her to evaluate new evidence of Harrier's condition. Instead, the ALJ would merely learn that, in the estimation of the VA, Harrier's bipolar condition, standing alone, disables him completely. As noted *supra*, another agency's determination does not bind the ALJ.

Harrier bears the burden to show that evidence is new and material, and that there was good cause for failing to present the evidence to the ALJ. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014). Evidence is material if there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The recent decision by the Board of Veterans' Appeals is certainly new, and naturally could not have been presented to the ALJ back in 2014. But the evidence underlying the Board's decision is not new. Accordingly, Harrier has failed to show that if the ALJ were presented with the new decision, it is reasonably probable that she would have reached a different decision. Harrier's second objection is therefore overruled.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's report and recommendation [20] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [17] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [14] is **DENIED**.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: July 10, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2017, by electronic and/or ordinary mail.

        s/David P. Parker
        Case Manager